Filed 1/5/15  P. v. Barron CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIGITTE ANN BARRON,<br><br>    Defendant and Appellant. | H040580<br>(Santa Clara County<br>Super. Ct. Nos. B1365928, B1369559,<br>C1362445) |

Defendant Brigitte Ann Barron was placed on probation after pleading no contest to second degree burglary (Pen. Code, §§ 459, 460, subd. (b)), and the court ordered as a condition of probation that she "not possess or use alcohol or illegally controlled substances or go to places that [*sic*] you know alcohol, illegal substances, or non-prescribed controlled substances are used or sold."  On appeal, she contends that this condition is unconstitutionally vague and overbroad.  She asks us to modify this condition to add the word "knowingly" so that it reads "not knowingly possess or use alcohol or illegally controlled substances . . . ."  The Attorney General concedes that the condition must be modified to add "knowingly" to the prohibition against possession or use of "alcohol," but she insists that the prohibition on possession or use of "illegally controlled substances" does not require the addition of the word "knowingly" because the condition "implicitly contains a knowledge element."

The Attorney General relies on this court's decision in *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*). In *Rodriguez*, the defendant challenged as unconstitutionally vague and overbroad a probation condition that she " '[n]ot use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician . . . .' " (*Rodriguez*, at pp. 592-593.) Although this court suggested that "a scienter element is reasonably implicit in this condition" with respect to controlled substances, it nevertheless ordered that the entire condition be modified to add an express knowledge requirement because "the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth in applying the condition." (*Rodriguez*, at pp. 593-594.) We do the same in this case.

The order of probation is hereby modified so that the challenged condition reads: "You shall not knowingly possess or use alcohol or illegally controlled substances or go to places where you know alcohol, illegal substances, or non-prescribed controlled substances are used or sold." As so modified, the order is affirmed.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Bamattre-Manoukian, J.